NO. 07-05-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 21, 2007
_____

JAVIER MYERS,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407108; HONORABLE DAVID GLEASON, JUDGE
_____

***Dissenting Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

I respectfully dissent.

Of the three counts described in the indictment, each expressly accused appellant of entering the habitation with a specific intent, that is, to commit either assault, robbery or theft respectively. Because the indictment so alleged, it was incumbent upon the prosecution to prove that appellant entered the abode with the stated intent. If the State did not, then the evidence would not support the conviction.

The majority is quite right when saying that the sufficiency of the evidence is tested against a hypothetically correct jury charge. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). Yet, such a charge is one that accurately states the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense. *Id.*, *citing Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Sartain v. State*, 228 S.W.3d 416, 421 (Tex. App.–Fort Worth 2007, pet. ref'd). It is the second criteria that causes me concern.

Simply put, the offense to be incorporated within the hypothetically correct indictment must fall within the allegations of the indictment. For instance, if there exists several ways in which one could commit a particular crime but the prosecution alleges less than all of them in the indictment, then it is bound by its selection. *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001); *Curry v. State*, 30 S.W.3d at 404-05. At least one of the means it selected. Indeed, the differing manner and means are not merely descriptive of an element and, therefore, subject to being ignored. *Gollihar v. State*, 46 S.W.3d at 254 n.15. Instead, they are elemental to conviction and must be established when alleged. *Curry v. State*, 30 S.W.3d at 405.

Consequently, *Malik* and its idea of a hypothetically correct charge cannot be used to morph allegations involving the manner and means by which a crime was committed to some others that are unmentioned in the indictment. Nor can *Malik* be applied to relieve the State from proving the manner and means expressed in the indictment when the evidence actually describes some other manner and means.

2

Now, one can commit burglary in several ways. He can merely enter a habitation and commit or attempt to commit a felony, theft, or an assault. TEX. PEN. CODE ANN. §30.02(a)(3) (Vernon 2003). Or, he can enter a private habitation with the intent to commit a felony, theft, or an assault. *Id.* at §30.02(a)(1). Or, he can conceal himself in a habitation with the intent to commit a felony, theft, or an assault. *Id*. at §30.02(a)(2). In comparing these differing manner and means of committing burglary, one sees that two of the three come with a *mens rea* element tied to the accused's entry into the edifice, *i.e.* §30.02(a)(1) and (2). One has no such element, that is, §30.02(a)(3). So, if the State opts to indict the accused under the statute and selects a manner and means accompanied by a *mens rea* requirement, *Gollihar* and *Curry* obligated it to prove that the accused had the particular *mens rea* when entry occurred. And, that is what the State attempted here.

In the count of the indictment upon which appellant was eventually tried, (*i.e.* Count 2), the prosecutor accused appellant of "enter[ing] a habitation with *intent to commit robbery* and did then and there commit the offense of robbery." (Emphasis added). So, having accused appellant of entering the house with such an intent, it opted to prosecute appellant for burglary of the type described in §30.02(a)(1) of the Penal Code. In other words, it obligated itself to prove he entered the abode with the intent to commit a felony, theft, or an assault. This, in turn, meant that in assessing whether it carried its burden of proof, we must determine, among other things, if there exists evidence upon which a rational factfinder could hold beyond reasonable doubt that appellant intended to commit robbery when he entered the house. *Malik* cannot relieve us from doing so. Nor can it be

3

used to convert allegations founded upon §30.02(a)(1) that tie entry to a particular *mens rea* to one founded upon §30.02(a)(3) that has no such link.

Moreover, that both the prosecutor, appellant, and trial court read the indictment as encompassing burglary under §30.02(a)(1) is established by their own words. For instance, the trial court charged the jury that it could not convict unless it found, beyond reasonable doubt, that appellant "*enter[ed] the habitation with intent to commit robbery* and did then and there commit . . . robbery . . . ." (Emphasis added). Following that, the State closed by arguing:

> Do you really think that day, . . . when that Defendant and his cohort, . . . were breaking in to . . . John Hernandez's home with this crow bar that he didn't have a plan on how he was going to get out of there if the owner had come home?
>
> \* \* \*
>
> . . . *he knew what he was going to do. He knew that this [crowbar] was the weapon he was going to use if he had to get out . . . . He went in there with the intent to commit robbery* and he did commit the robbery.
>
> \* \* \*
>
> He went in there with the intent to commit robbery. And, guess what, folks? He did.

(Emphasis added). In turn, defense counsel told the jury that:

> . . . what is lacking here is *the intent to commit the robbery*. The phrase 'and did commit the offence of robbery,' that's true. That did happen . . . . *What you're looking at is the intent, the specific intent, at the beginning of this*. That's what the law defines. If the specific intent was to commit theft or commit robbery. And I will submit to you, all the evidence in this case indicates to you it was theft. It was not robbery. There was a robbery*, but that was not the intent on the entry into the habitation*.

(Emphasis added). Each of these excerpts reveals the crime for which appellant was being prosecuted. It was burglary, of course, but the type of burglary that required entry with a specific intent to do some other criminal act, *i.e.* burglary under §30.02(a)(1). There can be no other logical reason why the litigants would so argue if appellant's *mens rea* when entering the home was unimportant. And, those thoughts were incorporated into the jury charge written by the trial court. Everyone read the indictment as encompassing burglary under §30.02(a)(1), as opposed to burglary simply under §30.02(a)(3).

In sum, neither a legal nor factual sufficiency issue can be decided without assessment of the evidence touching upon appellant's *mens rea* at time of entry. And, because the majority concludes otherwise, I respectfully dissent.


Brian Quinn
Chief Justice

Do not publish.